IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

COLLEEN FOGO,

                Plaintiff,              OPINION AND ORDER

PHYSICIANS PLUS INSURANCE                  14-cv-824-wmc
CORPORATION,

                Involuntary Plaintiff,

    v.

PANERA, LLC,

                Defendant.

---

      In this civil action, plaintiff Colleen Fogo alleges that defendant Panera, LLC was negligent when it served her a poisoned beverage, resulting in pain and suffering and medical expenses. (Compl. (dkt. #1-2).) Invoking this court's diversity jurisdiction, defendant Panera, LLC has removed this action pursuant to 28 U.S.C. § 1446(b) and 28 U.S.C. § 1332(a)(1). (Not. of Removal (dkt. #1) ¶¶ 2, 7.) Because the allegations in the notice of removal and complaint are insufficient to determine whether diversity jurisdiction actually exists, defendant will be given an opportunity to file an amended notice of removal containing the necessary allegations.

OPINION

      "Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'r, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citation omitted).

Unless a complaint alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the case must be dismissed for want of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Because jurisdiction is limited, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Further, the party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction is present. *Smart*, 562 F.3d at 802-03.

Here, defendant contends that diversity jurisdiction exists because (1) the amount in controversy exceeds $75,000 and (2) the parties are diverse. (Not. of Removal (dkt. #1) ¶ 7.) For the latter to be true, however, there must be *complete* diversity, meaning plaintiff cannot be a citizen of the same state as *any* defendant. *Smart*, 562 F.3d at 803. Unfortunately, defendant's allegations as to its own citizenship prevent this court from determining whether there is complete diversity.

"The citizenship of an LLC is the citizenship of each of its members," yet defendant has not alleged the citizenship of its members. *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007). Instead, defendant alleges that it is "organized in the State of Delaware" and "maintains its principal place of business in St. Louis, Missouri." (Not. of Removal (dkt. #1) ¶ 5.) As the Seventh Circuit has instructed, however, this information is wholly irrelevant in deciding the citizenship of a limited liability company. *Hukic v. Aurora Loan Serv.*, 588 F.3d 420, 429 (7th Cir. 2009).

2

The court also notes that defendant failed to allege the citizenship of involuntary plaintiff Physicians Plus Insurance Corporation. To the extent defendant asserts that Physicians Plus is a nominal plaintiff and need not be considered by this court in determining diversity, defendant should so state and allege factual support for this assertion. *See Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980) ("[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy.").

Before dismissing this action for lack of subject matter jurisdiction, defendant will be given leave to file within 14 days an amended notice of removal that establishes subject matter jurisdiction by alleging the names and citizenship of each member of the defendant LLC. In alleging an LLC's citizenship, defendant should be aware that if the member or members of the LLCs are themselves a limited liability company, partnership, or other similar entity, then the citizenship of those members and partners must also be alleged as well. *See Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be.").

ORDER

IT IS ORDERED that:

1) Defendant shall have until December 19, 2014, to file and serve an amended notice of removal containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332; and

3

2) failure to amend timely shall result in prompt remand of this matter for lack of subject matter jurisdiction.

Entered this 5th day of December, 2014.

                              BY THE COURT:

                              /s/

                              _____
                              WILLIAM M. CONLEY
                              District Judge